Court affirmed. The decision of the Appellate Term is directly in conflict with a decision of this court. (*Irwin* v. *Metropolitan Street Railway Company,* 38 App. Div. 253.)

In the *Irwin* case we held that the act of the Legislature (The Greater New York Charter, chap. 378, Laws of 1897) creating the Municipal Court was constitutional; and that the Municipal Court may have, in actions at law within the territorial boundaries of the city created by the act, the same jurisdiction that a County Court can have within the territorial boundaries of a county. It is unnecessary to repeat here the reasons which led to this conclusion, as they are very clearly and fully stated in the opinion in that case.

Upon this decision, therefore, it follows that the order appealed from must be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ. concurred.

Order reversed, with costs, and judgment of the Municipal Court affirmed, with costs.

---

Mary L. Rusk, Respondent, *v.* The Manhattan Railway Company, Appellant.

*Negligence — slipping on a depression covered with ice in a platform at the foot of the stairs of an elevated railroad.*

A passenger on an elevated railroad who, while passing from the station to the street, after it has been snowing for some time, slips on the platform at the foot of the stairs at a point where there is a depression, worn therein to a depth of from one-eighth to three-eighths of an inch, which, in common with the rest of the platform, is covered with a thin coating of ice and snow, is not entitled to recover damages from the elevated railroad company, where it does not appear how long the coating of ice and snow had been permitted to remain there, or that the depression in the platform was a concurring cause of the accident, without which it would not have happened.

Appeal by the defendant, The Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of New York on the 16th day of March, 1899, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 17th day of March, 1899, denying the defendant's motion for a new trial made upon the minutes.

*J. Osgood Nichols,* for the appellant.

*Gilbert D. Lamb,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant.

The plaintiff had a verdict of $2,500, and from the judgment entered thereon the defendant has appealed. At the trial, at the close of plaintiff's case, the defendant moved for a dismissal of the complaint, which motion was denied, and the defendant excepted. After the denial of this motion, the defendant rested without offering any evidence.

The question presented, therefore, is whether, giving to the plaintiff the benefit of every inference that can fairly and legitimately be drawn from the testimony offered by her, it can be said that the defendant is legally liable for the injuries which she sustained.

This testimony was to the effect that on the 26th of February, 1896, the plaintiff, for the purpose of going to Rector street, entered one of the defendant's cars at Ninety-third street; that, when the car arrived at Rector street, she passed from it to the station platform and then attempted to pass from there down the flight of stairs to the street, and as she stepped from the last step of the stairs on to a platform at the foot of them, she slipped, fell, and broke both bones of the right ankle; that that portion of the platform upon which she stepped had been worn away to such an extent that there was a depression in it of from one-eighth to three-eighths of an inch; that the platform, including the depression, was covered with a thin coating of ice and snow, but how long the same had been there did not appear, although it did appear that it was snowing when the plaintiff left her residence to go to Rector street, and that it was still snowing when she left the car at that place.

The plaintiff herself, in describing the manner in which she was injured, said : " When we got to the Rector street station, we got off the train and went down the platform, and I noticed that it had snowed a little and that there was some snow on the upper platform, and so I thought, well, I better be careful, so we started down the steps and I waited a little until I got hold of the rail; I took hold with my right hand, gathered my dress in my left hand, and started down the steps, and just as I stepped off the last step, at the bottom of the first flight of stairs, my left foot slipped and  * * *. it turned right under  *  * * and broke one bone very near the ankle joint  * * * and the outside bone a little further up from the ankle joint." She also testified that after she fell she was helped up by her brother and placed on one of the steps of the stairs, where she remained while he went to the street to get a carriage to take her home; that while she was sitting on the step she noticed the place where she fell, and that " it was covered with ice and was slippery," and " Just as you step off the place there was a worn-off place, a little kind of scooped-out place, I should judge it was about half an inch below the normal level. I don't know how deep the ice was, except it covered the boards of the platform well. It seemed to cover the whole platform, that whole little landing ; " that she could not say whether the depression was one-eighth, one-fourth or three-eighths of an inch thick, but there was ice over it or she would not have fallen.

. Her brother, Frank T. Rusk, testified that he was with the plaintiff and saw her slip and fall; that he noticed the depression and " that the platform around there and at that part of it, so far at least as I observed it at all, was icy, covered with ice ; " that he could not say how thick the ice was, " except that it was thick enough so that it was — so far as I know, the floor, the treads, the planks did not show through at any place and it was all ice," which, from the appearance, he should judge, had recently formed; that it was snowing at the time, and he observed a little snow on the platform.

The only other witnesses who testified as to the condition of the platform and stairs at the time the plaintiff was injured were Edward C. Meeker and Gilbert M. Hargrave. The former stated that after the plaintiff fell he went to her assistance, and then observed the condition of the platform, and that it was in " an icy,

condition and the landing was worn just at the bottom of the last step, worn a little hollow, was worn out, and in that hollow and adjacent to it was ice; this ice that was worn smooth; I can't say about how thick that ice was. I could not say, either, how extensive the ice was over the place." And the latter witness testified that he observed the landing at the foot of the first flight of stairs and that "There was some snow and ice on it;" that "at the foot of this step there was ice there, a thin sheet of ice and some snow on it."

It is apparent, from a fair consideration of all the testimony offered by the plaintiff, that the proximate cause of her injury was the ice and snow; that this, and not the depression, was the cause of her slipping. She was not entitled to recover, unless she established to the satisfaction of the jury, by a fair preponderance of evidence, that her injuries were due to some act of commission or omission on the part of the defendant, for which it was legally liable; in other words, before she could recover she was bound to establish that the defendant's negligence was the proximate cause of her injuries, and this, we think, she failed to do.

It was, as we have seen, snowing at the time; and the only inference which can be drawn from the testimony is that the presence of the ice and snow was due to the storm which was then progressing. The defendant, under all of the authorities, had a reasonable time after the snow fell, and the ice formed, to remove it. (*Kelly* v. *Manhattan Railway Co.*, 112 N. Y. 443.) It was not liable because it did not sprinkle sand, ashes or sawdust upon the ice and snow. It was not so obviously dangerous to travelers that the defendant was bound to anticipate that injury might be sustained by reason of it; indeed, the plaintiff herself testified that in a space of ten or fifteen minutes she saw several hundred people pass over the same place, and, so far as appears from her testimony, in not a single instance did she see one of them slip or fall.

In *Kelly* v. *Manhattan Railway Co.* (*supra*) a passenger was killed by slipping and falling on a station stairway of this same defendant. Snow had fallen during the night and it was there claimed that the defendant was liable because it did not cover or sprinkle, upon the snow and ice upon the stairs, sand, ashes or something of that character. Judge Peckham, in delivering the opinion

of the court, referring to this claim, said: "The failure to throw ashes or sawdust or something of that character upon the steps during the storm, cannot be regarded as negligence, because the continuance of the storm would soon render the steps as slippery as before."

We are, therefore, clearly of the opinion that the defendant was not liable for an injury sustained by reason of the snow and ice, and it was not liable on account of the depression in the platform, because as to that the evidence did not establish that the injury to the plaintiff would not have been sustained except for that cause; in other words, that the depression in the platform was the proximate cause of her injury. In *Laidlaw* v. *Sage* (158 N. Y. 73) it was said: "When damages claimed in an action are occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause and the jury must not be left to mere conjecture and a bare possibility that the damage was caused in consequence of the act of the defendant." And to the same effect are *Taylor* v. *The City of Yonkers* (105 N. Y. 202); *Ring* v. *The City of Cohoes* (77 id. 83); *Ayres* v. *Village of Hammondsport* (130 id. 665); *O'Keeffe* v. *The Mayor* (29 App. Div. 524).

In *Ayres* v. *Village of Hammondsport* the plaintiff fell upon new ice, formed the night before, over an old accumulation of ice and snow, upon a sidewalk in one of defendant's streets, which had been negligently constructed. It was held, in an action to recover damages for personal injuries sustained by slipping and falling, that in the absence of evidence showing that the slope of the walk was a concurring cause of the fall, without which it would not have happened, the plaintiff was not entitled to recover.

In *O'Keeffe* v. *The Mayor* (*supra*) the plaintiff fell upon snow and ice which fell and formed over old ice and snow, and it was held that there was no evidence which would warrant a verdict for the plaintiff in the absence of proof that his fall was occasioned by the old and not the new ice.

These, and many other authorities which might be cited, are all to the effect that the plaintiff in this action was not entitled to recover in the absence of evidence showing that the depression in

the platform was a concurring cause of the accident, without which it would not have happened.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.