GLADYS L. FITCH v. CENTRAL RAILROAD COMPANY.

Argued June 5, 1906—Decided November 12, 1906.

1. The duty of a railroad company with reference to its stations and platforms is less onerous and exacting than its duty with reference to its roadbed and rolling stock.
2. A railroad company is not negligent merely because there is ice upon a station platform. Whether it is negligent depends on whether it allows an unreasonable time to elapse before cleaning the platform.

On error to the Union Circuit.

Before Gummere, Chief Justice, and Justices Garrison and Swayze.

For the defendant in error, *William D. Wolfskeil.*

For the plaintiff in error, *Sherrerd Depue.*

The opinion of the court was delivered by

Swayze, J. The plaintiff below slipped and fell on an icy platform at the Roselle station of the defendant, while on her way to a train. She recovered a judgment, which is now before us for review.

According to her evidence, it was slippery everywhere the morning of the accident; there had been a storm during the night of sleet or rain; the streets were in a freezing condition; she did not know whether it rained and froze after it came down or whether it froze as it came down. She knew of the danger of slipping, and told her companion not to hurry for the train. There was no snow, but only ice on the platform. She did not know when the storm stopped, but thought it must have been at seven o'clock, because at the time she got out it was not raining or snowing. When asked whether it snowed between seven o'clock and the time of the accident, she answered, "No, not that I know." The injury happened at eight-twenty-three o'clock in the morning.

On the part of the defendant, it was proved, and not controverted, that the platform had been cleaned and sanded between seven and eight o'clock, and several witnesses testified that the sleet continued until after the injury to the plaintiff, and caused ice over the sand.

The duty of a railroad company with reference to its stations and platforms is less onerous and exacting than its duty with reference to its roadbed and rolling stock. The care is commensurate with the risk, and the risk of injury is much less in the former case than in the latter. *Moreland* v. *Boston Railroad Co.,* 141 *Mass.* 31: 6 *N. E. Rep.* 225; *Kelley* v. *Manhattan Railway Co.,* 112 *N. Y.* 443; 20 *N. E. Rep.* 383.

The railroad company is not negligent merely because there is ice upon a station platform, or even upon the steps of its cars. *Proud* v. *Philadelphia and Reading Railroad Co.,* 35 *Vroom* 702.

Whether it is negligent depends on whether it allows an unreasonable time to elapse before cleaning the platform.

In the Proud case, Kelley *v.* Manhattan Railway Co. was cited as pertinent. That was a case where a passenger slipped upon ice on the steps of an elevated railroad station in New York City an hour and a half after the storm had ceased. It is true that the hour in the Kelley case was before daylight, and in that respect it differs from the present case.

We do not mean to decide that where a railroad company allows that length of time to elapse after the cessation of a storm before cleaning its platform, no jury question is ever presented. Each case must be governed by its own circumstances. In the present case the testimony of the plaintiff as to the hour when the storm ended is quite uncertain, and of little weight compared with the testimony on the part of the defendant, and her testimony that it did not snow after seven o'clock, to her knowledge, fails to contradict the evidence to the contrary. The fact that the platform had been cleaned and sanded shortly before the accident shows that the defendant was exercising reasonable care. It would have been quite useless to clean and sand the platform again as long as ice continued to form.

The court erred in refusing to direct a verdict for the defendant, and the judgment must be reversed.