OKLAHOMA RY. CO. v. AUSTIN.

No. 33095. May 17, 1949.
Rehearing Denied June 28, 1949.

*207 P. 2d 769.*

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for plaintiff in error.

Joe Smalley and Justin Hinshaw, both of Norman, for defendant in error.

DAVISON, C. J. This is an action wherein plaintiff, Laura Austin, seeks to recover damages for personal injuries received when she fell on ice near the door of the Norman, Okla., station of defendant, Oklahoma Railway Company, a corporation, a public carrier. The parties will be referred to as they appeared in the trial court.

At about 6:30 on the morning of February 13, 1946, plaintiff, a woman 57 years old, left her home and walked some two or three blocks to a car stop on defendant's interurban railway, approximately two blocks north of its station at Norman, Okla., with the intention of riding to her place of employment at Oklahoma City. It was quite cold and sleet and snow covered the ground. She waited there until just after 7 o'clock but the car did not arrive, so she walked to the station, having to walk a part of the way on the grass at the edge of the sidewalk because of the ice, sleet and snow. At the station, she purchased a book of interurban tickets and just before 8 o'clock was joined by her daughter, a student at a business school in Oklahoma City.

There were two entrances to the station waiting room; one on the east and one on the south. From the south door to the sidewalk, a concrete walkway sloped down slightly. At 7:30, when the track foreman arrived at the station, there were spots of ice, several feet across, around the station and on the walkways. Several of these were on the sloping concrete between the south door and sidewalk. Other employees had been at work in the station since 5:30. The foreman, immediately upon arriving at the station, sent an employee out to put salt on the ice. No salt had been put around the south door at the time of plaintiff's injury.

Upon being informed that the car would probably not run because of the weather, they decided to take a taxicab to their home. The plaintiff had taken a step or two outside the station door when she slipped on the ice on the sloping concrete between the station door and the sidewalk and fell on her left side, seriously and permanently injuring her hip, leg and ankle. Trial to a jury resulted in a verdict for plaintiff for $10,000, from which defendant has appealed, relying upon only one proposition for reversal—that the evidence is not sufficient to establish negligence on the part of the defendant.

Defendant cites the cases of Lowden et al. v. Denton (8th C.C.A.) 110 F. 2d 274; Kelley v. Manhattan Ry. Co., 112 N.Y. 443, 20 N.E. 383; Meginn v. Ramsdell, 148 N.Y.S. 415; Rusk v. Manhattan Ry. Co., 61 N.Y.S. 384; Rosenthal v. N. Y. Rapid Transit Corp., 208 N. Y. S. 427; Wilson v. Reading Co., 95 Pa. Sup. 570; Moore et al. v. B. & O. R. Co., 136 Pa. S. 182, 7 Atl. 2d 162; Fitch v. Central R. Co., 74 N.J.L. 135, 64 Atl. 992, to the effect that the time between the storm and the removal of the snow and ice is the controlling element in determining the negligence of the carrier; that the defendant has a reasonable time after the snow falls and the ice forms within which to remove it. Several of these cases point out what is or is not a reasonable time. None of them, however, are determinative of the question here presented for the reason that, by statute and by former opinions, this court is committed to a different rule than that of "ordinary care" applicable therein.

Section 32, 13 O.S. 1941, provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

This statute and the determination by court or jury, of its application to, and

effect upon, specific fact situations, is thoroughly discussed in the case of Chicago, R. I. & P. Ry. Co. v. Shelton, 135 Okla. 53, 273 P. 988, wherein it is said:

"Several other states have similar statutes differing somewhat in phraseology, but the great majority have no direct or express legislation on the subject. The single standard of care as provided by our statute and fully recognized by our courts does not mean that in point of fact the same degree or quantum of care should be applied in every case; because from the very nature of things the facts in the different cases differ, and therefore the quantum or amount of care in point of fact is relative. Therefore it may be said that 'utmost care' ebbs or flows with the dangers to be anticipated by a man of the utmost degree of prudence, from the surrounding circumstances and the conditions involved in each case. For example, the acts of care and precautions to prevent an injury which the highest degree of prudence would suggest and which would be regarded by a jury as proper under circumstances indicating little danger, might be regarded as wholly and entirely inadequate under conditions and circumstances which would disclose the presence of dangerous agencies and objects likely to endanger life and destroy valuable property. But these matters under all circumstances are for the jury. The quantum or amount of care, the precautions to be observed, the dangers to be anticipated, the safeguards to be used, the efforts to be exercised to prevent injury, in each case must be as different and variable as the facts involved in the different cases are different; and it is not practical nor proper for a court to fix and declare as a matter of law the amount or quantum of care that should be exercised under the circumstances or conditions of any particular or special case. That question rests with the jury, under proper instructions from the court, which under our law is 'utmost care', which means the highest degree of care."

Plaintiff herein, having purchased a book of tickets issued by the defendant for passage on its line, and having gone to the station, at an appropriate time and in a proper manner, with the bona fide intention of becoming a passenger, became such passenger within the meaning of 13 O.S. 1941 §32. Fullgraf v. Oklahoma Ry. Co., 188 Okla. 592, 111 P. 2d 1072.

The testimony showed that one of defendant's employees came to the station at 5:30 a.m., at which time there was a heavy mist that began freezing shortly thereafter; that by 6:30 ice, sleet and snow were covering the ground; that at 7:30 one of defendant's employees began crushing salt to put on the platform and 15 minutes later sent another employee out to spread the salt on the ice; that at 8:15 plaintiff was injured. Whether or not defendant was guilty of the failure to use utmost care as required by the above-quoted statute was a question of fact to be determined by the jury. It was properly submitted to the jury under instructions of which no complaint is made. Its verdict, being supported by competent evidence, will not be disturbed.

Affirmed.

ARNOLD, V. C. J., and HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, CORN, and GIBSON, JJ., dissent.

WELCH, J. (dissenting). I think the majority opinion goes too far in holding that the plaintiff was and continues to be a passenger of defendant, and in applying the stated degree of care to the circumstances shown, and to the premises involved, in plaintiff's injury, and in holding that the evidence established acts of negligence on the part of the defendant.

I am authorized to say that Mr. Justice GIBSON concurs herein.