## VAN CLEAVE v. IRBY.

No. 34154. June 19, 1951.

Rehearing Denied July 10, 1951.

*233 P. 2d 963.*

Percy Hughes, Hobart, for plaintiff in error.

Robert B. Harbison, Altus, for defendant in error.

JOHNSON, J. This is an action by Mrs. T. J. Van Cleave against Dr. J. P. Irby, lessee and operator of a hospital owned by the city of Altus, to recover damages for personal injuries alleged to have been sustained when she was burned while receiving diathermy treatment at the hospital. At the close of the evidence the court sustained defendant's demurrer thereto and directed the jury to return a verdict in favor of defendant.

Plaintiff appeals and assigns this ruling as error. The contention of plaintiff is that the doctor who administered the treatment and the nurses who assisted him were agents, servants and employees of defendant and that plaintiff sustained her injuries by and through the negligence of the doctor and nurses who assisted him in treating her.

The material facts disclosed by the evidence are as follows: The hospital was equipped by defendant including the diathermy machine and was originally owned by the city of Altus. Sometime prior to the injury the city leased the hospital to defendant who has since been operating and managing it. The hospital is what is known as an "open staff" hospital; any licensed physician living within a reasonable distance of Altus is permitted to bring his patients there for treatment. Defendant employs and staffs the hospital with nurses to assist the doctors in administering treatment to their patients. On and prior to December 22, 1946, plaintiff was suffering from some ailment which she was advised by her physician, Dr. J. E. Ensey, was rheumatoid-arthritis, and on that day she was placed by him in defendant's hospital for treatment. The treatment was administered by the application of an electric pad to her back and arms, a heat wave treatment which is referred to by the doctors as diathermy treatment· It is applied by the use of a diathermy machine. Dr. Ensey, plaintiff's physician, with the assistance of nurses furnished by defendant, applied the heat to her back and set the dial at 250 milliamperes of current. Dr. Ensey then left the hospital and instructed the nurse to cut off the heat in 20 minutes. At the same time another nurse appeared to relieve this nurse and she was advised of the doctor's instructions

and told to disconnect the heat within 20 minutes. This nurse testified that she did within 20 minutes thereafter discontinue the heat. Plaintiff testified that as the result of this treatment her back and arm were severely burned and in this respect she is supported by other witnesses.

The allegations of negligence relied upon by plaintiff is that the heat was applied to plaintiff's back at too great a degree of temperature and the heat was left applied too great a length of time. It is argued by plaintiff that the evidence offered by her was sufficient to have authorized the jury to find that the doctor was negligent in treating and that the nurse in charge was negligent in caring for her while she was at the hospital as alleged in her petition; that their negligence is attributable to defendant and the trial court therefore erred in sustaining defendant's demurrer to the evidence and in directing the jury to return a verdict in favor of defendant.

We do not agree. The undisputed evidence shows that Dr. Ensey himself applied the heat and directed the length of time it should remain applied. Assuming that the jury might have found under the evidence that the heat was applied at too great a degree of temperature, still, defendant would not have been liable for Dr. Ensey's negligent act in so doing. The evidence shows without dispute that the relationship of physician and patient was created between Dr. Ensey and plaintiff. Dr. Ensey was acting on his own account as a physician in prescribing and giving such treatment. He was not acting as an agent, servant or employee of defendant lessee nor was he acting under his control and direction. The defendant is therefore not liable for the negligence, if any, of Dr. Ensey in administering such treatment. Hull v. Enid General Hospital Foundation, 194 Okla. 446, 152 P. 2d 693, and cases therein cited. It is further contended by plaintiff that the nurse in charge was guilty of negligence in not removing the pad from plaintiff's back and discontinuing the heat application at the proper time, and that since the doctor had then departed from the hospital, the nurse in charge was no longer under his direction, control and supervision, but was then acting as a general employee of defendant under his supervision, direction and control, and her negligence in failing to discontinue the heat treatment is chargeable to him. In support of this contention plaintiff relies largely upon Flower Hospital v. Hart, 178 Okla. 447, 62 P. 2d 1248.

There is a total lack of evidence tending to show that the heat treatment was not discontinued in proper time as directed by Dr. Ensey. He directed that the heat remain applied for 20 minutes and that it then be discontinued. The evidence is undisputed that it was discontinued by the nurse in charge within the 20 minute period as directed by the doctor. There is no evidence tending to establish negligence in this respect against the nurse.

The Flower Hospital case, above relied upon by plaintiff, is distinguishable from the present case on the facts. In that case it appears that the patient was brought to the hospital for an operation. After the operation had been completed, the operating surgeon departed and the care of the patient was left to the nurse in charge.

The nurse thereafter negligently placed an unshielded light globe on the bare flesh of plaintiff causing her severe burns. The nurse was a general employee of the hospital. This court held that because of her negligence in so applying the light globe, the hospital was liable to the patient in damages for the injuries sustained. In that case, however, it is specifically pointed out that the nurse in doing what she did was not acting under the order and direction of the departed surgeon, but was acting without any direction from him. Therein lies the distinction. In

the present case, the evidence shows without dispute that the nurse in doing what she did was following strictly the directions of Dr. Ensey, the attending physician, and without any act of negligence on her part.

The same may be said of the case of Tulsa Hospital Ass'n v. Juby, 73 Okla. 243, 175 P. 519, cited by plaintiff.

If, then, the heat was applied for too great a length of time, it was because · of negligence of Dr. Ensey in giving his instructions to the nurse and not because of any independent act of negligence on her part after the doctor left the hospital, as in the cases relied on by plaintiff. Defendant is not chargeable with the doctor's negligence.

The trial court ruled correctly in directing the jury to return a verdict in favor of defendant.

Judgment affirmed.

LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.