not state a cause of action. The trial court was correct in so holding.

Judgment affirmed.

JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.

**OKLAHOMA RY. CO. et al. v. CLAPP.**

**No. 34835.**

Supreme Court of Oklahoma.

March 24, 1953.

Rehearing Denied July 7, 1953.

Richardson, Shartel & Cochran, F. M. Dudley and R. C. Jopling, Jr., Oklahoma City, for plaintiffs in error.

Byron W. Morris and H. M. Redwine, Oklahoma City, for defendant in error.

WELCH, Justice.

Action was for damages for personal injuries alleged to have resulted from defendants' negligence. The judgment for the plaintiff was in accord with a jury verdict in favor of the plaintiff.

The defendants seek reversal on grounds of a failure of the proof to show negligence on the part of the defendants, and that the court erred in overruling the defendants' demurrer to the evidence and their motion for a directed verdict.

On trial, it was shown that the plaintiff sustained bodily injuries while a fare-paying passenger on a bus being driven by the defendant George, in the service and on behalf of the corporate defendants, carriers for reward.

The plaintiff testified that after boarding the bus she sat directly behind the driver. She stated—"When we were nearing the stop sign * * * people were getting up to get off the bus. * * * I got up to get off too and the bus came to an abrupt sudden stop or about a stop and it threw me into the windshield, or into the fare box, or something that hurt my head and cracked my tooth." The defendant, George, the driver of the bus, was called as a witness by the plaintiff and gave testimony to the effect that all the passengers in the bus were behind him and he did not see the plaintiff until he brought the bus to an emergency stop, or a stop as quick as he could stop it; that the plaintiff came up in the bus then; that he called for an ambulance for her; that the stop was made near the middle of the block to avoid hitting an automobile which made a right hand turn and across the pathway of the bus.

The defendants assert there was no proof of a movement of the bus which was unusual and extraordinary and unnecessary, and that all these elements in proof were essential to a showing of negligence on the part of the defendants.

Attention is directed to the case of Chicago, R. I. & P. R. Co. v. Larmon, 172 Okl. 461, 45 P.2d 76, wherein it was held that certain stated facts were not sufficient to show negligence.

It is suggested here that in all of the testimony concerning the movements of the defendant's bus, the witnesses but expressed their opinions as to the character of the bus stop and in such descriptive terms as to afford no proof of an unusual or extraordinary movement or stop of the bus, or to indicate any negligence in its operation.

The defendants cite cases from other states containing expressions to the effect that in respect to the liability of a carrier for injury of a passenger resulting from a sudden stopping of its vehicle, the carrier is not liable unless the plaintiff proves that the act was sudden, unusual and unnecessary and of such violence as to indicate negligence; and that all these elements in proof are required. It is urged that herein there was a failure of proof that the bus stop was unusual and unnecessary and of such violence as to indicate negligence.

■■ It is axiomatic that in the court's consideration of the defendants' demurrer to the plaintiff's evidence, the plaintiff was entitled to every inference which the evidence, considered in a light most favorable to her, reasonably tends to prove, and on a consideration of the defendants' motion for a directed verdict, the plaintiff was entitled to the benefit of all legitimate inferences, with all unfavorable inferences disregarded. Walker v. McCray, 132 Okl. 18, 269 P. 279; Opperud v. Twedell, 175 Okl. 191, 51 P.2d 799, and Eckroat v. Landrum, 205 Okl. 119, 235 P.2d 705.

■ In this state when the relation of carrier and paying passenger exists the carrier owes the passenger the highest degree of care for his safety. Southwestern Motor Carriers, Inc., v. Nash, 195 Okl. 604, 159 P.2d 745.

13 O.S.1951 § 32 provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, * * * and must exercise to that end a reasonable degree of skill."

Under the testimony herein, and as set out above, it is made to appear that the bus was brought to a stop at a place not a regular or scheduled stop, and that the stop was of sufficient violence to throw the plaintiff from a place behind the driver up to and against the front of the bus, and that the stop was quick and sudden.

Considered in a light most favorable to the plaintiff, we find the evidence reasonably tends to prove that the bus driver brought the bus to a stop with such suddenness and violence as to be beyond the plaintiff's reasonable anticipation and to cause bodily injury. Upon proof of these circumstances there is an inference of failure of the bus driver to use the highest degree of care for the safe carriage of the plaintiff. Accordingly, we find there was evidence of negligence sufficient to submit the case to the jury.

The matter of necessity of the stop and whether the driver, confronted with an emergency and on discovery of the automobile in his pathway, acted with the utmost care and diligence for the safety of his passengers and the plaintiff, was for the jury.

The judgment is affirmed.

HALLEY, C. J., and CORN, ARNOLD and BLACKBIRD, JJ., concur.

JOHNSON, V. C. J., and O'NEAL and WILLIAMS, JJ., dissent.

O'NEAL, Justice (dissenting).

I agree with the pronouncement of the court that a carrier of persons for hire must use the utmost care and diligence for their safe carriage. That rule of law is firmly imbedded in our decisions and is in conformity with the prevailing common law on the subject. As I read the record in this case, I cannot escape the conclusion that the majority opinion does not give adequate consideration to the facts established and their impact upon the rule of law announced. The plaintiff's cause of action is based upon the allegation that the defendants carelessly, negligently and wrongfully brought the bus to a violent and abrupt stop without excuse or justification therefor and in disregard to the safety of its passengers, including the plaintiff.

The majority opinion wholly fails to set forth pertinent facts immediately preceding the accident. The record shows that the defendants' bus was proceeding south on Western Avenue between California and Reno Streets in the City of Oklahoma City. Western Avenue carries heavy traffic, and on the morning of the accident, two rows of automobile traffic were proceeding south on Western. Defendants' bus was traveling south near the west curb of Western at twelve to fifteen miles per hour. When the bus reached a point approximately half way between California and Reno Streets, an automobile that had been traveling south on Western, and parallel with defendants' bus, suddenly cut to the right some five or six feet in front of the bus and proceeded west across Western, and into a driveway on the west side of Western Avenue, and stopped with the rear end of the car projecting into Western Avenue approximately three feet. When the bus came to a stop the right front fender of the bus was within a few inches from the right rear fender of the automobile. Verily, the sword of Damocles was hanging over the bus driver's head. He stopped the bus to avoid running into the side of the automobile in his direct path; yet the majority opinion holds he was negligent. Had he not stopped, but collided with the automobile, he would also be held negligent because it is evident that he had sufficient time to stop the bus within the space indicated.

The bus was traveling at a reasonable rate of speed, approximately half the speed permitted under the City Ordinance. A Mrs. Allen, a passenger on the bus, testified that she saw an automobile close in front of the bus when it was brought to a stop. Mr. Salyer, a passenger on the bus, testified that an automobile pulled in, made a right turn in front of the bus, after which the bus driver applied the brakes. Another passenger, as well as the bus driver, testified that a car pulled in—made a right turn in front of the bus—after which the bus was brought to a stop. The majority opinion states: "that the bus was brought to a stop at a place not a regular or scheduled stop". But the opinion does not tell us why the bus was stopped between the two streets. As the bus reached the point of the accident several of the passengers, including the plaintiff, had left their seats to leave the bus at the next stop—Reno and Western. These passengers gave their version as to why the driver brought the bus to a stop.

The majority opinion states:

"It is suggested here that in all of the testimony concerning the movements of the defendant's bus, the witnesses but expressed their opinions as to the character of the bus stop and in such descriptive terms as to afford no proof of an unusual or extraordinary movement or stop of the bus, or to indicate any negligence in its operation."

I do not think that the characterization of their testimony fairly reflects the proven facts. One passenger testified that the bus did not stop right in its tracks, but slowed down before coming to a complete stop. Further, that the quick stop did not throw her from her seat, but inclined her body slightly in a forward position. Another passenger on the bus testified that the bus was slowing down for the stop. It was traveling slowly when the driver applied the brakes to keep from hitting a car that had pulled in front of the bus. Another passenger testified that he stopped the bus kind of slow—he did not stop it on the spur of the moment. He could tell he was stopping, but the stop was not made suddenly. The driver said that he just made an ordinary stop, an emergency stop, and that he did not slide his wheels. All of this testimony cannot be brushed aside by a statement that at most, it only expressed the witnesses' opinions as to the character of the bus stop. As I view this testimony, it directly refuted the plaintiff's theory that the bus was brought to a violent and abrupt stop without excuse or justification therefor and in disregard of plaintiff's safety.

Entertaining these views, I think that the lower court erred in not directing a verdict in favor of the defendants.

I, therefore, respectfully dissent.

WILLIAMS, Justice (dissenting).

I am unable to agree with the majority opinion in this case. It treats of the allegation of error in overruling the defendant's demurrer to the evidence, but does not dispose of the allegation of plaintiff in error that the trial court erred in denying defendants' motion for a directed verdict. It may not have been reversible error to overrule the demurrer to the evidence but, in my opinion, the motion for a directed verdict should have been sustained. As I view the evidence, defendants in the court below established by substantially uncontradicted evidence, the defense of unavoidable accident.

The defendant bus driver testified that there were two rows of traffic going south on Western Avenue the morning of the accident; that he was in the row nearest the west curb of Western Avenue; that suddenly and without warning, a southbound car in the row immediately to his left turned sharply to the right, cutting in front of the bus only five or six feet ahead of it, and whipping into a private driveway on the west side of Western Avenue; that he succeeded in bringing the bus to a stop only a few inches from the car, which had stopped in the driveway with its rear end protruding about 3 feet into the street.

The driver's testimony was fully corroborated by a bus passenger, a disinterested witness. It was indirectly corroborated in some particulars by the testimony of plaintiff herself.

It was also shown by uncontradicted evidence that while plaintiff was being treated for her injuries, which at first seemed to be of a minor nature, she said that some one suddenly drove in front of the bus and the driver, in order to avoid an accident, had to stop suddenly; that it could not possibly have been the driver's fault and that he used good discretion.

Under the facts in this case, I think the following rule from Brown v. Saylor, 204 Okl. 154, 228 P.2d 187, should control.

"Where the evidence in support of a defense in an action consists only of the testimony of the interested defendants, and the physical facts and circumstances, and the testimony of such witnesses, if true, fully sustains such defense and is positive, undenied, and uncontradicted, the trial court should direct a verdict for defendants, unless the physical facts and the circumstances surrounding the transaction tend to contradict the positive testimony, * * * in which case the question is one for the jury."

It will be noted that the testimony of the driver in this case was corroborated by the testimony of a bus passenger; in that respect, the facts in this case go beyond the bare requirements of the above rule, since the other witness here was not an "interested defendant."

The majority opinion says that the matter of the necessity of the stop was for the jury. While that would undoubtedly have been true if the evidence on that point had been in conflict, I feel that where, as here, the evidence was substantially undenied and uncontradicted, the court should have taken the case from the jury and directed a verdict for defendant.

The defense of unavoidable accident is an affirmative defense, which, when proven, requires the production of affirmative evidence to meet, explain or rebut it. In my opinion, plaintiff failed to come forward with evidence.

I respectfully dissent.