Lorain MARKWELL, Appellant,

v.

WHINERY'S REAL ESTATE, INC.,
d/b/a Whinery's Off Airport
Parking, Appellee.

No. 79840.

Supreme Court of Oklahoma.

Feb. 22, 1994.

Charles M. Laster Shawnee, for appellant.

Kenneth D. Upton, Jr. Oklahoma City, for appellee.

KAUGER, Justice.

Two issues are presented: 1) whether, under the facts presented, the allegations in the petition in error were sufficient to preserve the personal injury issue; and 2) whether the entry of summary judgment was improper. We find that: 1) The petition in error was sufficient to preserve the allegations of error; and 2) Pursuant to 13 O.S.1991 § 32,[1] carriers for hire are required to exercise the utmost care for the safety of their passengers. The determination of what constitutes "utmost care" within the meaning of § 32 is a question to be resolved by the trier of fact. The entry of summary judgment was improper.

## FACTS

Lorain Markwell, a sixty-six year old bank teller (appellant/Markwell/passenger) left her car at Whinery's Off Airport Parking (appellee/Whinery's/carrier) during the 1990 Christmas holidays. When she returned on Christmas Eve, a Whinery's employee met her at the airport and drove her to its parking lot. After Markwell paid her bill, she was told by the cashier that her car was

---

1. Title 13 O.S.1991 § 32 provides:
"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

outside. Although Whinery's had retrieved her car, started it, and left it running, it was parked approximately fifty feet away from the door and the covered canopy. The weather was cold, and snow and ice had accumulated on the ground. Even though Whinery's had cleared its pavement, Markwell slipped and fell on a small patch of ice on the way to her car. After being assisted to her feet by a Whinery's employee, she drove to the bank where she worked. Because she was in pain, she was unable to finish her shift. Markwell consulted an orthopedist, and she discovered that she had broken her kneecap.

Subsequently, Markwell sued Whinery's alleging that she was a business invitee, and that her injuries were caused because of Whinery's negligence and lack of care. Whinery's moved for summary judgment relying on *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla.1967) for the premise that mere slipperiness of snow and ice in its natural state and accumulations does not give rise to liability, and that a business invitor has no duty to warn or protect from obvious dangers.

Markwell countered in her response to the motion for summary judgment that hers was not the ordinary slip and fall case; that she had not sued Whinery's for being merely negligent in permitting ice to accumulate on the sidewalk at the parking lot; and that her petition did not so allege. Rather her position was that Whinery's was a carrier for hire, and as such pursuant to 13 O.S.1981 § 32 [2] it owed a duty to Markwell to use the utmost care and diligence for her safety. She also relied on *Oklahoma Ry. Co. v. Austin*, 201 Okla. 567, 207 P.2d 769, 771 (1949) to support her contention that if there is any evidence tending to show, or from which it may be reasonably inferred that a common carrier failed to use the utmost care for the safety of a passenger, the question of the carrier's negligence must be left to the jury. Markwell alleged both in her response and in her sworn affidavit that because she was traveling alone in cold and inclement weath-

er, she had relied on Whinery's advertised promises—delivery of airline passengers to its carport followed by delivery of the patron's car to the protective canopy to avoid bad weather or other unsafe factors—and that Whinery's had breached its contractual, statutory, and common law duties to her.

The trial court entered summary judgment for Whinery's. Markwell appealed and the Court of Appeals, citing *Kirschstein v. Haynes*, 788 P.2d 941, 954–55 (Okla.1990), held that the sole allegation in Markwell's petition in error "whether the trial court erred in sustaining defendant's motion for summary judgment and granting defendant judgment" was insufficient to support a claim of error. We granted certiorari on January 3, 1994.

## I.

## THE PETITION IN ERROR IS SUFFICIENT TO PRESERVE THE ALLEGATIONS OF ERROR.

■ A petition in error is in the nature of a pleading, and generally it must comply with the requirements of the statute and the rules of court insofar as it concerns form and contents. However, although the specifications or assignment of error should designate the allegations of error clearly so that the court and opposing parties may ascertain the issues raised, substantial compliance is sufficient, and mere technical and formal defects should be disregarded. Rules of pleading both at the trial and the appellate levels have been liberalized to allow courts to focus attention on substantive merits of the dispute rather than upon procedural niceties.[3]

A pleading should be construed in its entirety. Here, although Markwell stated in her Exhibit C to the petition in error that the issues and errors proposed to be raised on appeal were whether the trial court erred in sustaining Whinery's motion for summary judgment and granting Whinery's judgment, the summary of the case set forth in Exhibit

**2.** Id. Because § 32 has remained unaltered by amendment since its enactment in 1910, subsequent references will be to the current statute.

**3.** See, *Green v. Huff*, 636 P.2d 907, 909 (Okla. 1981); *Northwestern Nat'l Life Ins. Co. v. Highley*, 416 P.2d 932, 934 (Okla.1966).

B clarified the issues. It specifically provides that: 1) Markwell was a business invitee of Whinery's; and 2) Whinery's, acting in its capacity as a carrier for hire, breached its contractual and common law duties by failing to deliver her car under the covered parking area.[4]

 The failure to raise an error for appeal by inclusion in the petition in error is fatal to its consideration.[5] We have by rule [6] and by appellate decision [7] stated that "shotgun" allegations, designed to cover a gambit of errors, are not sufficient to preserve error. However, the once rigid rule was modified by our adoption in 1969 of Rule 1.17 [8] allowing amendments to petitions in error at any time before the brief in chief is filed and, thereafter, with permission of the Court.[9] The filing of a timely brief amends deficiencies, if any, of the petition in error.[10] Amendment is not required if the issues briefed are fairly comprised within the assertions of error alleged.[11]

*Nilsen v. Tenneco Oil Co.*, 614 P.2d 36, 38–39 (Okla.1980) is helpful in determining whether the single allegation made here—"Whether the trial court erred in sustaining defendant's Motion for Summary Judgment and granting defendant judgment"—is sufficient to preserve the merits of the cause for review. In *Nilsen*, the appellees asserted that the appeal should be dismissed because the petition in error was too indefinite with respect to its assignments of error. The appellants alleged that: 1) the judgment was not sustained by sufficient evidence, and 2) the trial court erred in overruling the appel-

---

4. Exhibit "B" to Markwell's petition in error provides in its entirety:

 "Plaintiff was a business invitee of defendant on December 24, 1990, having paid for a service which defendant offered in carrying passengers to and from Will Rogers Airport in Oklahoma City. Defendant is a carrier for hire. Plaintiff claimed that defendant breached its contractual and common law duties to the plaintiff by failing to bring her vehicle to her under a covered area in inclement weather. Plaintiff had to attempt to walk to her car as a result of defendant's neglect, and was injured when she slipped on ice and fell.
 The evidentiary material considered by the Court in ruling on defendant's Motion for Summary Judgment was the plaintiff's deposition and affidavit. The District Court, Hon. Jack Parr presiding, sustained the defendant's Motion for Summary Judgment and granted judgment to the defendant."

5. *Indiana Nat'l Bank v. State Dept. of Human Serv.*, 857 P.2d 53, 58 (Okla.1993); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla. 1982).

6. Rule 1.16, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2, provides in pertinent part:

 "... (C) FORM OF PETITION IN ERROR ... D. ISSUES AND ERRORS PROPOSED TO BE RAISED ON APPEAL
 State with specificity each point of law urged as error.... Allegation of error, general in nature (conclusional) or "shotgun" (all encompassing) in effect such as 'Decision is contrary to law and evidence' will not suffice...."

7. *Kirschstein v. Haynes*, 788 P.2d 941, 954 (Okla. 1990).

8. Rule 1.17, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2, provides in pertinent part:

 "... The petition in error may be amended at any time before brief in chief is filed, or thereafter by leave of court, to include any error or any issues presented to and resolved by the trial court which is supported by the record ..."

9. Id.; *Nilsen v. Tenneco Oil Co.*, 614 P.2d 36,.38 (Okla.1980). The adoption of a rule on certiorari providing that the statement of a question presented is deemed to include every subsidiary question fairly comprised therein serves as additional evidence of the relaxing of rigid appellate procedures. Rule 3.14, Rules on Practice and Procedure in the Court of Appeals & on Certiorari to that Court, 12 O.S.Supp.1993, Ch. 15, App. 3 provides in pertinent part:

 "A. An application for certiorari shall be by petition only which shall contain the following to be set forth in the order here indicated: ... (3) An outline of the reasons for review as suggested in Rule 3.13, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein...."
 See also, *Hough v. Leonard* (Okla.1993), 867 P.2d 438, 445, 446 (1993).

10. *State ex rel. Henry v. Southwestern Bell Telephone Co.*, 825 P.2d 1305, 1311 (Okla.1992). See also, Rule 1.17, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2, note 8, supra; *Frazier v. Bryan Memorial Hosp. Authority*, 775 P.2d 281, 284 (Okla.1989).

11. *Nilsen v. Tenneco Oil Co.*, see note 9, supra.

lants' demurrer to the evidence. *Nilsen* involved a quiet title action relating to surface and mineral rights. The subsidiary issues involved included accretion of a river and ownership by adverse possession. The cause raised questions pertaining to the rights of severed mineral interests. Because the issues briefed in *Nilsen* were fairly comprised within the assertions of error, we held that the petition was sufficient to preserve the merits of the cause for review and that amendment was unnecessary.[12]

■ Here, both the summary of the case attached to the petition in error and the issues briefed adequately informed the Court why Markwell believed summary judgment was improperly entered in Whinery's favor.[13] Like the situation presented in *Nilsen*, the issues briefed here are fairly comprised within Markwell's assertion of error. We find that the petition in error is sufficient to preserve the allegations of error.[14]

**12.** See also, *Vickers v. Boyd*, 836 P.2d 1269, 1270–71 (Okla.1992) (Incorrect designation of party appellants no barrier to appeals where the substance of the petition in error revealed the true aggrieved party.); *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1234 (Okla.1990) (Substance of assignments of error, when viewed in light of counsel's affidavit and trial court's finding sufficient to allow the amendment of petition in error to correctly reflect proper party appellant.); *Chism v. City of Tulsa*, 192 Okla. 366, 136 P.2d 409, 411 (1943) (Specification of error that trial court erred in overruling appellant's motion for judgment notwithstanding verdict for defendant invoked jurisdiction of Supreme Court to pass upon the sufficiency of the pleadings.).

The instant cause is distinguishable from *Kirschstein v. Haynes*, see note 7, supra, in which we found an allegation in the petition in error that the evidence "shows a substantial controversy of material fact necessitating a trial" insufficient to preserve the issue of whether the trial court properly dismissed the action for determination of heirs. In *Kirschstein*, the appellant presented a first impression issue of the privilege associated with a physician's affidavit and a second issue related to the determination of heirs. Here, the sole issue presented concerns the duty owed by Whinery's to Markwell. It is the only issue which is addressed by the assertion that summary judgment was improperly entered.

**13.** See the summary attached to the petition in error, note 4, supra. The index to Markwell's brief in chief provides in pertinent part:

"... PROPOSITION NO. I: THE EVIDENTIARY MATERIAL ON FILE SHOWED THAT DE-

## II.

**PURSUANT TO 13 O.S.1991 § 32, CARRIERS FOR HIRE ARE REQUIRED TO EXERCISE THE UTMOST CARE FOR THE SAFETY OF THEIR PASSENGERS. THE DETERMINATION OF WHAT CONSTITUTES "UTMOST CARE" WITHIN THE MEANING OF § 32 IS A QUESTION TO BE RESOLVED BY THE TRIER OF FACT. ENTRY OF SUMMARY JUDGMENT WAS IMPROPER.**

Markwell asserts that Whinery's is a carrier for hire and that, pursuant to 13 O.S.1991 § 32,[15] the carrier owed her the utmost care in ensuring her safe passage. She insists that the entry of summary judgment was improper in light of the conflicting material facts relating to the issue of the care necessary to meet the standard imposed by § 32. Whinery's does not dispute that it acted as a carrier for hire in transporting Markwell to and from the airport.[16] Instead, the carrier

FENDANT BREACHED ITS DUTY OF UTMOST CARE AND DILIGENCE ...
PROPOSITION NO. II: THE EVIDENTIARY MATERIAL ON FILE SHOWED DEFENDANT BREACHED ITS COMMON LAW DUTY TO THE BUSINESS INVITEE PLAINTIFF ..."

**14.** Unlike the procedural posture in *Nilsen v. Tenneco Oil Co.*, see note 9, supra, Whinery's did not respond to the petition in error by requesting dismissal either in the response to the petition in error or in its answer brief. Instead, the Court of Appeals raised the issue *sua sponte*.

**15.** Title 13 O.S.1991 § 32, see note 1, supra.

**16.** As a common carrier, Whinery's is subject to regulation by the Oklahoma Corporation Commission. Title 47 O.S.1991 § 161 provides in pertinent part:

"It is hereby declared that it is necessary in the public interest to regulate transportation by motor carriers in such manner as to recognize and preserve the inherent advantages of, and foster sound economic conditions in such transportation and among such carriers

. . . .

The provisions of this act, except as hereinafter specifically limited, shall apply to the transportation of passengers or property by motor carriers over public highways of this state; and the regulations of such transportation, and the procurement thereof and the provisions of facilities therefor, is hereby vested in the Oklahoma Corporation Commission...."

argues that its relationship to Markwell as a carrier for hire terminated when she returned from the airport and alighted from its vehicle under the protective canopy. Because Whinery's argument is not supported by our jurisprudence,[17] and because the determination of whether utmost care was exercised towards the passenger is a question for the trier of fact,[18] we disagree.

■■■ Pursuant to Rule 13, 12 O.S.1991, Ch. 2, App., Rules for the District Courts, a motion for summary judgment may be filed if the pleadings, depositions, interrogatories, affidavits, and other exhibits reflect that there is no substantial controversy pertaining to any material fact.[19] Even when basic facts are undisputed, motions for summary judgment should be denied, if from the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts.[20] Summary judgment is proper only when the pleadings, affidavits, depositions, admissions, or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[21] All conclusions drawn from the evidentiary material submitted to the trial court are viewed in the light most favorable to the party opposing the motion.[22]

■■■ The Legislature has established the duty owed to a passenger by a carrier for hire. Title 13 O.S.1991 § 32 specifically states that the passenger is entitled to the exercise of the utmost care for his/her safe transportation. Section 32 provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

No exception to the standard is made for any particular type of carrier.[23]

*Oklahoma Ry. Co. v. Austin,* 201 Okla. 567, 207 P.2d 769, 771 (1949) is instructive on: 1) the duty imposed on a carrier for hire; 2) the durational aspects of the carrier-passenger relationship; and 3) the determination of what care constitutes "utmost care" within the meaning of 13 O.S.1991 § 32.[24] In *Austin,* the passenger purchased a book of tickets at an interurban railway station. The carrier's employees attempted to clear ice and snow from the station's entrances and exits by using salt. Because of the inclement weather, the passenger was informed that

---

As used in this act:
... (G) The term 'common carrier by motor vehicle' means any person which holds itself out to the general public to engage in the transportation by motor vehicle in intrastate or interstate commerce of passengers or property or any class or classes thereof for compensation, whether over regular or irregular routes...."

**17.** *Oklahoma Ry. Co. v. Austin,* 201 Okla. 567, 207 P.2d 769, 771 (1949) (Passenger leaving railway station entitled to be accorded utmost care for her safety.). See discussion, pp. 845–46, infra.

**18.** *Sand Springs Ry. Co. v. Cole,* 279 P.2d 938, 942 (Okla.1955); *Oklahoma Ry. Co. v. Clapp,* 258 P.2d 638, 640 (Okla.1953); *Oklahoma Ry. Co. v. Austin,* see note 17, supra; *G.A. Nichols Co. v. Lockhart,* 191 Okla. 296, 129 P.2d 599, 601 (1942); *Chicago v. Shelton,* 135 Okla. 53, 273 P. 988, 990 (1929).

**19.** *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988); Rule 13, 12 O.S.1991, Ch. 2, App. provides in pertinent part:
"a. A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and to requests for admissions, affidavits, and exhibits on file ... show that there is no substantial controversy as to any material fact ...
b. If the adverse party ... wish[es] to oppose the granting of the motion, they shall serve on the moving party and file ... a concise written statement of the material facts as to which he or they contend a genuine issue exists ... The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence ..."

**20.** *Federal Deposit Ins. Corp. v. Moss,* 831 P.2d 613, 620 (Okla.1991); *Wofford v. Eastern State Hosp.,* 795 P.2d 516, 520 (Okla.1990); *Roach v. Atlas Life Ins. Co.,* 769 P.2d 158, 163 (Okla. 1989).

**21.** *Buckner v. General Motors Corp.,* see note 19, supra.

**22.** *Ross v. City of Shawnee,* 683 P.2d 535, 536 (Okla.1984).

**23.** *Sprout v. Oklahoma Ry. Co.,* 207 Okla. 118, 247 P.2d 972, 974 (Okla.1952).

**24.** Title 13 O.S.1991 § 32, see note 1, supra.

the railway would not operate. **Upon leaving the station,**[25] the passenger fell. She injured her hip, leg and ankle. She was awarded a jury verdict of $10,000. The carrier appealed. We upheld the verdict.

■ In *Austin*, the railway company relied upon a number of cases from other jurisdictions indicating that it need only exercise ordinary care in its attempts to remove the snow and ice from its premises. This Court rejected that premise citing to § 32's[26] statutorily imposed duty of utmost care and to a discussion in *Chicago R.I. & P. Ry. Co. v. Shelton*, 135 Okla. 53, 273 P. 988–89 (1929) of the application of the statute under specific fact situations. As stated in *Shelton* and reiterated in *Austin*, the duty imposed is utmost care; and what constitutes utmost care under the facts presented is a question for the trier of fact. In both *Shelton* and *Austin*, this Court recognized that the degree of care required, the safeguards to be used, and the efforts to be exercised to prevent injury in each case differ with the facts presented. Whether or not a carrier for hire is guilty of failure to use utmost care as required by § 32 is a question of fact to be determined by the trier of fact.

■ In *Kurn v. Bayless*, 197 Okla. 521, 172 P.2d 779, 781 (1946), this Court emphasized that the duty of a carrier to its passenger under its contract of carriage is that it will carry the passenger safely and in a proper vehicle. This duty embraces the need to provide the passenger with a safe and convenient means for entering and alighting from a vehicle. An additional duty may exist because of a person's illness, age or infirmity. However, under *Kurn*, even when one of those conditions is not present the extent of the duty is a question for determination by the trier of fact.

■ Markwell presented evidence that Whinery's advertised that her car would be delivered under a protective covering. That is what she expected when she availed herself of the carrier's services. However, the car was not delivered to her under a canopy. Instead, it was left running in a parking lot in which, despite the efforts to clear the drive, some ice had accumulated. When Markwell crossed the lot to approach her car, she fell and was injured. Under these undisputed facts, reasonable persons might reach different inferences or conclusions on the issue of whether utmost care was exercised by the carrier. Here, Markwell was entitled to have the facts resolved in a full evidentiary hearing rather than having her cause dismissed at the summary judgment stage.

Whinery's relies upon *Southwestern Motor Carriers v. Nash*, 195 Okla. 604, 159 P.2d 745, 748 (1945) for the proposition that when a carrier has safely discharged a passenger from its vehicle, the relationship of carrier and passenger terminates. Once the relationship has terminated, Whinery's argues, the carrier is no longer charged with exercising utmost care for the safety of the passenger. *Nash* does not stand for such a broad exposition of the law.

*Nash* involved a wrongful death action brought as a result of the deceased alighting from a bus, passing in front of it, and walking into oncoming traffic. Nash was struck, and he died from his injuries. This Court did not hold in *Nash* that all duty to the passenger terminated once he left the vehicle. Instead, the Court stated:

"Where a passenger has been discharged in safety from the vehicle of a carrier (sic) the carrier has no duty to warn such passenger against ordinary traffic hazards which he may experience in going from the

---

**25.** Whinery's attempts to distinguish *Oklahoma Ry. Co. v. Austin*, see note 17, supra, on the grounds that the case deals with when the carrier/passenger relationship begins. The carrier's argument fails to note that the passenger was injured not when she presented herself at the station for passage, but rather when she was leaving the railway station.

**26.** Title 13 O.S.1991 § 32, see note 1, supra, has remained unaltered since its enactment in 1910.

Whinery's reliance upon *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 364 (Okla.1967) is misplaced for precisely the same reason. *Buck* does not involve the relationship of carrier/passenger. The situation presented there involved the status of business invitee. The duty to such invitees is discharged when reasonable care is exercised. Here, as in *Oklahoma Ry. Co. v. Austin*, see note 17, supra, the standard imposed is that of utmost care.

vehicle across the street **as distinguished from** going from the vehicle to the sidewalk at the nearest point from which the passenger left the vehicle." (Emphasis provided, citations omitted.)

In *Nash* there was no evidence that the carrier had been negligent. Here, Markwell paid for her transportation, the storage and the return delivery of her car. Whinery's advertisements led her to believe that her car would be returned to her in a sheltered environment. That did not occur. Under *Austin,* Markwell's status as a passenger continued to exist while she was on Whinery's premises. The trier of fact must determine whether Whinery's acted with utmost care towards Markwell[27] and to what extent, if any, Markwell's own negligence may have caused her injury.[28]

## CONCLUSION

Form does not rule over substance in evaluating documents filed in this Court.[29] The issues briefed are fairly comprised within Markwell's assertion of error. The petition in error is sufficient to preserve the allegations of error.

Title 13 O.S.1991 § 32 imposes the standard of utmost care upon carriers for hire. The issue of what constitutes utmost care under the facts presented is a question for the trier of fact.[30] Because the trier of fact may find that the passenger's actions contributed to her injuries,[31] we express no opinion on the carrier's liability. However, there are material facts which must be resolved by the trier of fact. Therefore, the entry of summary judgment was improper.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

LAVENDER, V.C.J., and OPALA, WILSON, KAUGER, SUMMERS and WATT, JJ. concur.

HODGES, C.J., and SIMMS and HARGRAVE, JJ., dissent.

**27.** *Sand Springs Ry. Co. v. Cole,* see note 18, supra; *Oklahoma Ry. Co. v. Clapp,* see note 18, supra; *Oklahoma Ry. Co. v. Austin,* see note 17, supra; *G.A. Nichols Co. v. Lockhart,* see note 18, supra; *Chicago v. Shelton,* see note 18, supra.

**28.** Markwell's negligence may be considered as a defense in her action against Whinery's. See, *Sand Springs Ry. Co. v. Cole,* see note 18 at 940–41, supra; *G.A. Nichols Co. v. Lockhart,* see note 18, 129 P.2d at 602–03, supra.

**29.** *Vickers v. Boyd,* see note 12, supra; *Bane v. Anderson, Bryant & Co.,* see note 12, supra.

**30.** *Oklahoma Ry. Co. v. Austin,* see note 17, supra; *Chicago R.I. & P. Ry. Co. v. Shelton,* 135 Okla. 53, 273 P. 988–89 (1929).

**31.** *Sand Springs Ry. Co. v. Cole,* see note 18, at 940–41, supra; *G.A. Nichols Co. v. Lockhart,* see note 18, 129 P.2d at 602–03, supra.