**John Ervin TROUSDALE, Appellant**

v.

**CITY OF FAITH HOSPITAL, INC., and City of Faith Medical & Research Center, Inc., Appellees.**

No. 82426.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 28, 1995.

Donald G. Hopkins, Tulsa, for appellant.

Scott D. Cannon and Richard D. Wagner, Wagner, Stuart & Cannon, Tulsa, for appellees.

## OPINION

GARRETT, Chief Judge:

John Ervin Trousdale (Appellant) sought medical treatment at City of Faith Medical & Research Center, Inc. (Clinic). In connection with the medical treatment, Appellant was scheduled to enter City of Faith Hospital, Inc. (Hospital) and be operated on by Dr. Michael Meistrell. After the operation, Appellant sued Hospital and Clinic [1] (collectively, Appellees) for damages. He alleged medical malpractice.

Each Appellee filed a motion for summary judgment. Both motions were sustained. However, Appellant was allowed to amend his petition to include a cause of action alleging Appellees were negligent because they failed to obtain Appellant's informed consent.[2] Each Appellee filed a mo-

---

1. Appellant originally named Dr. Michael Meistrell as a party to the action below, but did not obtain service on Dr. Meistrell. Dr. Meistrell is not a party to this action.

2. Appellant contends the court erred by sustaining Appellee's motion for summary judgment as to the issue of medical malpractice. However, this issue was not preserved in his petition in error which merely alleges the court was in error in its orders sustaining Appellees' motions for summary judgment. Such an allegation is "shotgun" designed to cover a multitude of errors. Appellant has briefly referred to his cause of action regarding lack of informed consent in his summary of the case portion of his petition in error. This will be taken as sufficient to preserve

tion for summary judgment on the cause of action based on a lack of informed consent. Appellant responded. The court sustained the motions.

Appellant now contends he presented evidence sufficient to establish a prima facie case of failure to warn, and the court erred in sustaining Clinic's motion for summary judgment because it had a duty to warn Appellant of complications from the surgery and a duty to obtain his informed consent. Appellant now concedes Hospital had no such duty and recites the holding of *Van Cleave v. Irby,* 204 Okla. 689, 233 P.2d 963 (1951). The *Van Cleave* Court held that where a patient employed a physician of his or her own choice and enters a hospital operated by a lessee, and the physician was not a servant, agent or employee of the lessee nor acting under the lessee's direction, but was acting on his own account as a physician and exercising an independent employment in giving the treatment, the lessee of the hospital was not liable for injuries sustained by the patient because of alleged negligence of the physician in administering the treatment.

However, Appellant contends Clinic is liable because it is composed of physicians that act as owners and operators. He contends the Clinic and the doctor were so closely linked, Clinic should be held liable for Dr. Meistrell's failure to warn.

 The elements of informed consent are nondisclosure, causation and injury. Through evidentiary materials, Appellant has established a prima facie case of a lack of informed consent. While there was no duty on the part of the hospital to disclose to Appellant the possibility of complications arising from a medical procedure, this does not extend to Clinic. Vicarious liability of Clinic under the doctrine of respondeat superior may exist if Appellant can show that Dr. Meistrell, or some other person, was its employee or agent and was acting as such employee or agent when Appellant was allegedly negligently injured. The absence of such relationship is not clearly shown by the Appellate record. The right to judgment as a

matter of law, in this respect, was not clearly shown.

The trial court's judgment in favor of Hospital is affirmed in all respects. The trial court's judgment in favor of Clinic on the cause of action based on alleged "medical malpractice" is affirmed. The trial court's judgment in favor of Clinic on the cause of action based on alleged negligence in failing to obtain informed consent and failure to warn is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

ADAMS, J., concurs in result.

HUNTER, J., concurs.

alleged error as to that issue only. See, *Markwell v. Whinery's Real Estate, Inc.,* 869 P.2d 840

(Okl.1994).